Case 7:12-cr-01815 Document 165 Filed in TXSD on 01/26/16 Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
January 27, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| EMMANUEL BARRIENTOS | § | |
| | § | |
| | § | CIVIL ACTION NO. 7:13-CV-469 |
| VS. | § | |
| | § | CRIM. ACTION NO. 7:12-CR-1815-1 |
| UNITED STATES OF AMERICA | § | |

## REPORT AND RECOMMENDATION

Movant Emmanuel Barrientos, a federal prisoner proceeding pro se, initiated this action pursuant to 28 U.S.C. § 2255 by filing a Motion to Vacate, Set Aside, or Correct Sentence. (Docket No. 1.)[1] Movant was sentenced to 168 months imprisonment after pleading guilty to conspiring to possess with intent to distribute 280 grams of cocaine base (often referred to as "crack" cocaine). The evidence against Movant was overwhelming. Under the direction of DEA agents, a cooperating source made a number of cocaine base purchases from Movant and his three co-Defendants, one of whom was his brother. In pleading guilty, Movant admitted that he conspired with the others to possess and sell 280 grams of cocaine base. Movant also expressly waived his right to appeal or to collaterally attack his conviction or sentence in a § 2255 action.

Notwithstanding this waiver, Movant filed this § 2255 action in which he asserts several claims alleging ineffective assistance of counsel, including a claim that his attorney was deficient because at sentencing Movant was found to be accountable for 280 grams of cocaine base.[2] Respondent United States has filed a motion to dismiss, arguing that Movant waived his right to collaterally attack his sentence and that his claims are meritless. (Docket No. 6.)

---

[1] Docket entry references are to the civil action, unless otherwise noted.
[2] In his criminal case, Movant has also filed motion for sentence reduction and a motion for retroactive application of a Sentencing Guidelines amendment. (Cr. Docket Nos. 156, 159.) Those motions are pending before the District Court and are not addressed in this report.

After carefully considering Movant's § 2255 motion, the record of Movant's criminal case, and the applicable law, the undersigned concludes that Movant's § 2255 motion should be denied. Movant knowingly and voluntarily waived his right to collaterally attack his conviction or sentence. The Court need go no further in dismissing this action. In any event, Movant's ineffective assistance claims are all meritless, if not frivolous. Accordingly, as explained further below, it is recommended that the District Court grant Respondent's motion to dismiss, deny Movant's § 2255 motion, and dismiss this action.

## I.  BACKGROUND

**A.     The Underlying Criminal Charge**[3]

Beginning in 2011, agents with the Drug Enforcement Agency (DEA), together with other federal agents and task force officers, investigated reports about sales of cocaine base from various locations in Rio Grande City, Texas. As part of this investigation, agents received information about two stash houses located at 804 and 806 N. Gomez Street, which were adjacent mobile homes where Movant and his brother (a co-Defendant) lived. From March 2012 through June 2012, a cooperating source, under the direction of DEA agents, made a number of cocaine base purchases from Movant, his brother, and two other co-Defendants. During these controlled drug buys, Movant and his three co-Defendants all participated in various ways to facilitate the sale of cocaine base, with Movant playing a leading role in directing the others.

**B.     Criminal Proceedings**

Movant was later named in two counts of a three-count Superseding Indictment, in which he was charged with: 1) conspiracy to possess with intent to distribute 280 grams or more of

---

[3] The facts in the next two sections are drawn principally from Movant's Presentence Investigation Report (PSR). (Cr. Docket No. 103.) The PSR contains a detailed description of the facts relevant to the underlying criminal charges. In light of Movant's waiver of his right to file this § 2255 motion, this summary of the background facts and proceedings will be brief.

cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (Count One); and 2) possession with intent to distribute 27 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C), and 18 U.S.C. § 2 (Count Three). (Cr. Docket No. 80.) Movant later pleaded guilty to Count One of the indictment pursuant to a plea agreement.

The plea agreement contained several provisions that are relevant here. In exchange for Movant's guilty plea, the Government agreed to recommend that Movant receive a two-level sentencing decrease for acceptance of responsibility and that the remaining count of the indictment be dismissed at sentencing. (Cr. Docket No. 92, at 1.) The plea agreement also specified that Movant's relevant conduct for sentencing purposes was "not less than 280 grams of Cocaine Base." (*Id*.) In addition, Movant agreed that he "knowingly and voluntarily waives the right to appeal" and to "contest his[] conviction or sentence by means of any post-conviction proceeding," including a collateral attack pursuant to § 2255. (*Id*. at 2.)

After accepting Movant's guilty plea, the District Court ordered the Probation Office to prepare a Presentence Investigation Report (PSR). The PSR calculated Movant's base offense level at 28, based on a net weight of 130.8 grams cocaine base. His offense level was increased by two levels because he maintained a premises for manufacturing or distributing a controlled substance and by three levels for his role as supervisor or manager in the sales of cocaine base. He received a two-level decrease for acceptance of responsibility.

Movant had four criminal history points, which placed him in criminal history category III.[4] This resulted in a Sentencing Guidelines range of 135 to 168 months imprisonment.

---

[4] As recounted in the PSR, Movant had a lengthy and troubling criminal history, including prior convictions for possession of stolen property, possession of marijuana, assault, evading arrest with a vehicle, and terroristic threat. (Cr. Docket No. 103, ¶¶ 81-87.) In addition to the convictions that were counted in determining his criminal history score, Movant had a number of other arrests and charges that were not counted. (*Id*. at ¶¶ 89-101.)

Movant's attorney filed written objections to the PSR, challenging the offense level enhancements and arguing that his criminal history score was improperly calculated. (Cr. Docket No. 97.) The Government also objected to the PSR, noting that Movant's relevant conduct should have been 280 grams cocaine base (not 130.8 grams), as Movant had agreed in his plea agreement and admitted during his rearraignment. (Cr. Docket No. 118.)

At the sentencing hearing, Movant's counsel renewed his written objections. The District Court granted the objections to the offense level enhancements, finding that there was insufficient evidence that Movant was storing cocaine base at his home and that his role enhancement should be reduced from three levels to two levels since there was insufficient evidence that he was supervising five others. (Cr. Docket No. 151, Sentencing Tr. 7-15.) Movant received an additional offense level reduction when the Court granted the Government's motion to give Movant a third point credit for acceptance of responsibility. The Court denied counsel's objection to the calculation of Movant's criminal history score. (*Id*. at 25-26.)

The Court also granted the Government's objection, finding that Movant's relevant conduct included 280 grams of cocaine base. (*Id*. at 3, 5-6.) As the Court noted, Movant agreed in his plea agreement that the amount of cocaine base was 280 grams, and he admitted this during his rearraignment. (*Id.*)

As a result of these various rulings, Movant's Sentencing Guidelines range was 135 to 168 months. After considering the factors under 18 U.S.C. § 3553(a), the Court sentenced Movant to 168 months, which was at the high end of the Guidelines range. The Court explained its reasons for choosing this sentence, including, among other things, Movant's long criminal history and the harm he caused to the community by ongoing sales of crack cocaine, which were conducted "almost like a family operation." (*Id.* at 26-28.)

Consistent with his waiver of his appellate rights, Movant did not file an appeal. However, he later filed this § 2255 action collaterally challenging his conviction and sentence.

C. **Movant's Allegations and the Government's Response**

Movant claims that his attorney rendered ineffective assistance of counsel in four ways: (1) by failing to object to his conviction on the basis that there was insufficient evidence of an agreement in support of the conspiracy charge (Ground One); (2) by failing "to ensure that there was a relevant conduct finding made by the court" at sentencing (Ground Two); (3) by failing to argue that a "buyer/seller relationship is not itself a conspiracy" (Ground Three); and (4) by failing to request a downward role adjustment at sentencing pursuant to U.S.S.G. § 3B1.2 (Ground Four). (Docket No. 1.)

In moving to dismiss, Respondent contends that Movant waived his right to pursue this § 2255 action in his plea agreement. (Docket No. 6.) In the alternative, Respondent also argues that Movant's claims clearly lack merit. Movant filed a reply to the motion to dismiss. (Docket No. 7.) However, Movant addresses only his claim that counsel should have insisted that the Court make a relevant conduct finding. (*Id*.) Movant did not address his waiver agreement or his other claims.

## II. ANALYSIS

A. **28 U.S.C. § 2255**

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a petitioner "must clear a significantly higher hurdle" than the plain error standard that would apply on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). "Following a conviction and exhaustion or waiver of direct appeal, [courts] presume a defendant stands fairly and finally convicted." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*,

937 F.2d 228, 231-32 (5th Cir. 1991)). "As a result, review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Cervantes*, 132 F.3d at 1109. Stated another way, relief under § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Subject to these constraints, there are only four limited grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues; (2) challenges to the District Court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

**B.     Waiver**

The first issue is whether Movant waived his right to collaterally challenge his conviction and sentence in a § 2255 action. Movant does not address this issue.

The Fifth Circuit has long recognized that in appropriate circumstances a criminal defendant may validly waive his rights to appeal and to file a § 2255 motion. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (holding that the appropriateness of a § 2255 waiver is "beyond question" where it is knowingly and voluntarily made). In determining whether such a waiver is valid, the question is "whether the plea or waiver itself was knowing and voluntary, and whether the issue challenged on appeal may properly be the subject of waiver." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) (affirming denial of § 2255 motion based on a knowing and voluntary waiver). A knowing and voluntary waiver is valid as to claims of

ineffective assistance of counsel, except "when the claimed assistance directly affected the validity of that waiver or the plea itself." *Id*. In other words, "an ineffective-assistance claim survives a § 2255 waiver, but 'only when the claimed [ineffective] assistance directly affected the validity of that waiver or the plea itself.'"[5] *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004) (quoting *White,* 307 F.3d at 343).

Here, the record conclusively shows that Movant knowingly and voluntarily pleaded guilty and waived his rights to appeal and to seek post-conviction relief under § 2255. In signing the plea agreement, Movant represented that he knowingly and voluntarily waived the right to contest his conviction or sentence on appeal or in a post-conviction proceeding under § 2255. (Cr. Docket No. 92, at 2-3.) During his rearraignment, the District Court thoroughly addressed these issues with Movant. (*See* Cr. Docket No. 101, Rearraignment Tr. 27-37.) Movant specifically confirmed under oath that he wanted to give up his right to collaterally attack his sentence. (*Id*. at 27-29, 34-35.) "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977).

All of Movant's claims fall within the proper scope of a § 2255 waiver. Although Movant asserts several ineffective assistance of counsel claims, none of those claims directly affect the validity of his guilty plea or his § 2255 waiver. Because Movant knowingly and voluntarily waived his right to collaterally challenge his conviction and sentence under § 2255, and because his claims all fall within the permissible scope of such a waiver, all of his claims are barred and should be dismissed on that basis alone. *See United States v. Ramirez*, 416 F. App'x

---

[5] The Fifth Circuit has recognized one other exception to the permissible scope of a waiver: "a § 2255 waiver does not preclude review of a sentence that exceeds the statutory maximum." *Hollins*, 97 F. App'x at 479. This exception is not relevant here, as Movant does not (and could not) allege that his sentence exceeded the statutory maximum.

450, 453 (5th Cir. 2011) (holding that movant's § 2255 claims were barred based on the finding that he voluntarily and knowingly waived his right to collateral relief).

Nevertheless, in an abundance of caution, the merits of Movant's claims will be briefly addressed.

### C. Ineffective Assistance of Counsel Claims

Movant claims that his attorney rendered ineffective assistance of counsel. An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his or her counsel's performance was both deficient and prejudicial. *Id.* This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001). Here, Movant has fallen far short of making this showing as to any of his claims.

#### 1. Failure to Object at Sentencing (Grounds Two and Four)

Movant's primary claim appears to be that his attorney rendered ineffective assistance of counsel "at sentencing for failing to ensure that there was a relevant conduct finding made by the Court."[6] (Docket No. 1, at 6.) According to Movant, "it was error to have attributed 280 grams of crack cocaine to [him] without further inquiry." (Docket No. 7, at 3.) Movant also contends that his attorney was deficient at sentencing in failing to request a downward adjustment

---

[6] This is the only claim that Movant addresses in his reply brief. (Docket No. 7.)

8

pursuant to U.S.S.G. § 3B1.2, based on his minor or minimal role in the offense. (Docket No. 1, at 9.)

The record conclusively refutes these claims. As to Movant's suggestion that he should not have been held responsible for 280 grams of cocaine base, Movant agreed as part of his plea agreement that his "relevant conduct pursuant to U.S.S.G. § 1B1.3 … is not less than 280 grams of Cocaine Base." (Cr. Docket No. 92.) At his rearraignment, Movant pleaded guilty to a conspiracy charge that specifically alleged 280 grams of cocaine base, and he admitted under oath that he did in fact conspire to possess with the intent to distribute 280 grams of cocaine base. (Cr. Docket No. 101, Rearraignment Tr. 4-5, 12-13, 39-40, 44.) At sentencing, the Court addressed the amount of cocaine base that Movant should be held accountable for and found that the correct amount was 280 grams.[7] (Cr. Docket No. 151, Sentencing Tr. 3, 5-6.)

Likewise, the Court specifically addressed Movant's role in the offense during the sentencing hearing. (*Id*. at 11-15.) Movant's counsel objected to the finding in the PSR that Movant's role in the offense warranted a three-level increase. The Court sustained the objection to the extent that the role enhancement was lowered; however, the Court found that, given Movant's role, "a two-point adjustment is warranted." (*Id*. at 15.)

Movant has failed to show that counsel was deficient at sentencing as to the Court's findings regarding either Movant's relevant conduct or his role in the offense. These issues were specifically addressed by the Court, and there was no further non-frivolous objection that counsel could have made. Of course, counsel's failure to raise a meritless or frivolous objection is not deficient performance. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An

---

[7] In making this finding, the Court noted that the amount of cocaine base that Movant was responsible for was 280 grams, "if not a lot more," in light of the nature of his drug trafficking activities. (Cr. Docket No. 151, Sentencing Tr. 28; *see also id*. at 15 ("there's probably a lot more people involved, a lot more sales, a lot more probably than 280".)

9

attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). Movant's claims alleging ineffective assistance at sentencing are baseless.

### 2.     Failure to Object to Sufficiency of Evidence (Grounds One and Three)

Movant asserts two claims alleging that his attorney was deficient in failing to make objections regarding the sufficiency of evidence supporting his conspiracy conviction. First, Movant makes the conclusory argument that his attorney should have objected on the basis that "there was insufficient evidence showing an 'agreement' to conspire to distribute cocaine base."[8] (Docket No. 1, at 5.) However, at his rearraignment, Movant specifically admitted under oath that he entered into an agreement with others to possess with the intent to distribute cocaine base. (Cr. Docket No. 101, Rearraignment Tr. 40-41.) The evidence from the DEA investigation (as summarized in the PSR) overwhelming supported the conclusion that Movant conspired with his brother and the other co-Defendants to sell cocaine base.

Second, Movant suggests that his attorney should have objected to the conspiracy conviction because a "buyer/seller relationship is not itself a conspiracy." (Docket No. 1, at 8.) But the Government never suggested that Movant was conspiring with the buyer (who in this case was an individual working under the direction of DEA agents); rather, the conspiracy alleged by the Government involved Movant, his brother, and two other co-Defendants.

As to both of these claims, Movant has failed to show any deficiency by counsel in failing to object to the sufficiency of evidence supporting his conspiracy conviction. Here again,

---

[8] Each of Movant's four claims consist of nothing more than a conclusory allegation, and each could (and should) be dismissed on this basis as well. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("conclusory allegations on a critical issue are insufficient to raise a constitutional issue").

counsel was not deficient for failing to raise objections that would have been meritless or frivolous. *Kimler*, 167 F.3d at 893. These ineffective assistance claims are likewise baseless.

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Respondent's Motion to Dismiss (Docket No. 6) be GRANTED, that Movant's § 2255 Motion to Vacate (Docket No. 1) be DENIED, and that this action be DISMISSED. For the reasons discussed below, it is further recommended that Movant be denied a certificate of appealability.

### CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the recently-amended § 2255 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, RULES GOVERNING SECTION 2255 PROCEEDINGS. Because the undersigned recommends the dismissal of Movant's § 2255 action, it is necessary to address whether Movant is entitled to a certificate of appealability (COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); s*ee also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* standard to a COA determination in the context of § 2255 proceedings). An applicant may

also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Jones*, 287 F.3d at 329.  As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Movant's § 2255 claims should be dismissed on procedural grounds and on their merits.  For the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable or wrong the conclusion that Movant's claims are barred by his knowing and voluntary waiver.  Likewise, the undersigned believes that reasonable jurists would not find debatable or wrong the conclusion that Movant's ineffective assistance of counsel claims lack merit, nor are the claims adequate to deserve encouragement to proceed further.  Accordingly, Movant is not entitled to a COA.

## NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to Movant and counsel for Respondent, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on January 26, 2016.

                                                                  Peter E. Ormsby  
                                               United States Magistrate Judge